IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ,   )<br>              )<br>           Petitioner,   )<br>              )<br>    vs.           )<br>              )<br>C. NOLL, Warden,    )<br>              )<br>           Respondent.   )<br>_____   ) | No. C 09-5311 MMC (PR)<br><br>**ORDER TO SHOW CAUSE** |

    On November 9, 2009, petitioner, a California prisoner incarcerated at the Correctional Training Facility at Soledad and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the denial of parole by the California Board of Parole Hearings ("Board"). Petitioner has paid the filing fee.

**BACKGROUND**

    In 1996, in the Superior Court of San Diego County, petitioner was convicted of attempted murder. He was sentenced to a term of seven years to life in state prison. In 2008, the Board, for the second time, denied petitioner parole. Petitioner challenged that decision by habeas petitions filed in the Superior Court and the California Court of Appeal, and by a petition for review filed in the California Supreme Court. The Supreme Court denied the

petition for review on October 14, 2009.

## DISCUSSION

A.     Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

B.     Petitioner's Claim

In his petition, petitioner asserts the Board's decision to deny him parole violated his right to due process because it was not based on any reliable evidence that petitioner poses a risk to the community, but rather was based on unchanging facts regarding his commitment offense and criminal history. Liberally construed, such claim is cognizable and may proceed. Additionally, petitioner asserts that the denial of parole was unlawful because the Board required petitioner, in violation of California statutory and regulatory law, to admit guilt before he can be released on parole. Such additional claim, however, must be dismissed, as federal habeas corpus relief is not available for violations of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The Clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the answer is filed.

4. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case.  Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

DATED: April 19, 2010

MAXINE M. CHESNEY
United States District Judge